**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 11-cr-278-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.     DAVID LAWLESS,**

      Defendant.

---

## ORDER DENYING MOTION FOR RELEASE PENDING RESENTENCING

---

      In this prosecution, the Government charged Defendant David Lawless ("Lawless") with three counts of arson committed on property used in interstate commerce, in violation of 18 U.S.C. § 844(i); and four counts of using a destructive device in the commission of a crime of violence (*i.e.*, using homemade bombs to effectuate the various arson offenses), in violation of 18 U.S.C. § 924(c). (ECF No. 30.) Lawless pleaded guilty in October 2012 to a single § 924(c) count in exchange for dismissal of the remaining counts. (ECF No. 78.) In December 2012, the Honorable Wiley Y. Daniel, then Chief Judge of this District, sentenced Lawless to 240 months' imprisonment. (ECF Nos. 103, 106.)

      Years of appeals and 28 U.S.C. § 2255 proceedings followed. In June 2019, while a § 2255 petition was still pending before the Tenth Circuit, the U.S. Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the § 924(c) prong underlying Lawless's conviction was unconstitutionally vague and therefore invalid.

After negotiation, Lawless and the Government jointly moved the Tenth Circuit to dismiss Lawless's appeal with instructions to the district court to vacate his § 924(c) conviction, enter judgment of conviction instead for a single § 844(i) (arson) violation, and resentence him accordingly. The Tenth Circuit granted that motion and remanded. (ECF No. 144.) Judge Daniel having passed away while the appeal was pending, the case was drawn to the undersigned. (ECF No. 143.)

Currently before the Court is Defendant's Motion for Release Pending Resentencing. (ECF No. 147.) The major premise of the motion is Lawless's assertion that he is not likely to be resentenced to anything more than the mandatory minimum for § 844(i) offenses, namely, 60 months, which is less than the amount of time he has already served. (*Id.* ¶ 3.) The Government opposes. (ECF No. 149.)

The parties agree that Lawless's continuing detention should be evaluated under the statutory framework for defendants who have been convicted of a crime and who are awaiting sentencing. Although this does not perfectly describe Lawless's situation (the Court has not yet vacated the § 924(c) conviction, so Lawless remains both convicted and sentenced, strictly speaking), the Court is unaware of any framework that more closely approaches Lawless's current circumstances. Accordingly, the Court will treat him as one convicted of a crime—specifically, arson under § 844(i)—and awaiting sentencing.

The statute governing the district court's deliberations is 18 U.S.C. § 3143, which reads in relevant part as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be

detained unless—

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id.* § 3143(a)(2).  The cross-reference to "a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142" (*i.e.*, 18 U.S.C. § 3142(f)(1)(A)–(C)) is all-important here.  Subparagraph (A) covers, among other things, "an offense listed in [18 U.S.C. §] 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."  *Id.* § 3142(f)(1)(A).  In turn, the offenses listed in § 2332b(g)(5)(B) include § 844(i).  *See id.* § 2332b(g)(5)(B)(i).  And § 844(i) prescribes a maximum term of imprisonment of 20 years.  Thus, the Court normally must order Lawless to remain detained unless

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;
>
> ***or***
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;
>
> ***and***
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id.* § 3143(a)(2) (reformatted for clarity; emphasis added).

Lawless does not get beyond step (A).  The Government recommends a

sentence of imprisonment (*see* ECF No. 149 at 3) and the Court cannot see how there could be a substantial likelihood that a motion for acquittal or new trial will be granted given that the parties are stipulating to the § 844(i) conviction.  Accordingly, neither alternative under step (A) is available and so the Court need not go on to step (B).

However, Lawless additionally points to 18 U.S.C. § 3145(c).  That subsection reads as follows:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title.  The appeal shall be determined promptly.  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Lawless emphasizes the last sentence, which the Court will refer to as the "safety valve."  Lawless is a person subject to detention under § 3143(a)(2), but, he argues, he meets the conditions of release set forth in § 3143(a)(1) (*i.e.*, "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released").  Thus, the argument goes, this Court can consider whether "exceptional circumstances" exist in his case to justify applying the safety valve and ordering him released pending resentencing.  (ECF No. 147 ¶¶ 2, 5.)

Given the placement of the safety valve within a section that is obviously about review by the court of appeals, one would naturally suppose that the power to apply the "exceptional reasons" standard rests in that court's hands, not in the district court's.  The Tenth Circuit holds, however, "a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)."  *United States v. Jones*, 979

F.2d 804, 806 (10th Cir. 1992).[1]  Thus, the Court may consider whether Lawless merits relief under the safety valve.

For the safety valve to apply to Lawless, who is otherwise subject to detention under § 3143(a)(2), two elements must be satisfied.  First, this Court must "find[] by clear and convincing evidence that [Lawless] is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. § 3143(a)(1).  Second, Lawless must "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

The Court finds that Lawless's request fails at the first element.  The Court sees no clear and convincing evidence that Lawless is unlikely to pose a danger to another person or the community.  The indictment in this case arose out of Lawless's bombing or attempted bombing of three different locations in the Denver metro area over the span of two days.  Although Lawless claims to have a perfect disciplinary record in prison and to have reformed his ways, his assertions do not rise to clear and convincing evidence that he has truly become a nondangerous person, as opposed to a person who is nondangerous to the public *because* he is incarcerated.

For all these reasons, Lawless's Motion for Release Pending Resentencing (ECF No. 147) is DENIED.

---

[1] Senior U.S. District Judge John L. Kane criticizes *Jones* as unreasoned and simply relying on other circuits' decisions, which are likewise unreasoned.  *See United States v. Rausch*, 746 F. Supp. 2d 1192, 1195 (D. Colo. 2010).  However, the Tenth Circuit framed its ruling in *Jones* as a holding: "We now join those circuits and hold that a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)."  975 F.2d at 806.  While it is certainly odd that the safety valve appears in a statutory subsection obviously directed at appellate courts, this Court is bound by the Tenth Circuit's holding, whether reasoned or unreasoned.

Dated this 14th day of January, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge